**WEST SHORE EQUIPMENT OF MILWAUKEE, INC., Plaintiff,**

v.

**NEW HOLLAND INC., Defendant.**

**Civ. A. No. 87–C–159.**

United States District Court,
E.D. Wisconsin.

June 10, 1988.

F.M. Van Hecke, Van Hecke & Mank, S.C., Milwaukee, Wis., for plaintiff.

Quinn W. Martin, Robert L. Titley, Quarles & Brady, Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiff West Shore Equipment of Milwaukee, Inc. ("West Shore") has brought the above-entitled action against the defendant for violation of the Wisconsin Fair Dealership Law ("WFDL"). Defendant New Holland Inc. has moved for summary judgment on the ground that the contract between the parties is not covered by the WFDL. The plaintiff has opposed the motion. The court has considered the parties' positions and will grant defendant's motion for summary judgment.

The facts relevant to the disposition of this motion are undisputed. New Holland is a manufacturer of new industrial equipment accessories, attachments and parts. West Shore and New Holland entered into a written Industrial Equipment Dealer Agreement on March 3, 1972, and the agreement became effective on April 3, 1972 (Exhibit 2A). The parties also executed a Dealer Security Agreement, Retail Financing Agreement and Guaranty Agreement (Exhibits 2B–D). In 1980, New Holland notified West Shore that it would terminate the dealership agreement unless certain corrective action was taken. Following this notification, the parties reached a letter agreement in which West Shore agreed to make certain payments and to obtain additional capitalization, and New Holland agreed to withdraw the notice of termination when West Shore had met its obligations. The parties also agreed to cancel the 1972 Retail Financing Agreement (Exhibit 2D) pending West Shore obtaining additional capitalization (Exhibit 4A). On May 9, 1980, New Holland withdrew its notice of termination and the parties signed another letter agreement which continued the dealership and set forth certain continuing obligations of West Shore (Exhibit 4B). In 1981, the parties executed a new Retail Financing Agreement, Dealer Security Agreement and Lease Financing Agreement (Exhibits 3A–C).

The WFDL does not apply to dealership agreements entered into prior to the effective date of the law, April 5, 1974. *Wipperfurth v. U–Haul Company of Western Wisconsin, Inc.,* 101 Wis.2d 586, 598–99, 304 N.W.2d 767 (1981). However, after November 24, 1977, a renewal or an amendment of an agreement entered into prior to the effective date of the WFDL is sufficient to bring the agreement under WFDL coverage. Wis.Stats. § 135.025(2)(d).

The dealership agreement between West Shore and New Holland was entered into before the enactment of the WFDL. Thus, the issue before this court is whether the 1980 letter agreements and the 1981 financing agreements constitute a renewal or amendment of the Industrial Equipment Dealer Agreement sufficient to bring it under the WFDL.

Plaintiff West Shore argues that the terms and conditions set forth in the 1980 letter agreements and the 1981 finance agreements constituted a renewal of the parties' dealer agreement as well as an amendment to it, thus bringing it under the WFDL. Specifically, West Shore argues that "renewal" of the dealership agreement was contingent on West Shore obtaining additional capitalization and, once renewed, the dealership agreement was amended to limit the equipment for West Shore's rental fleet.

Defendant New Holland argues that the terms and conditions set forth in the 1980 letter agreements and the 1981 finance agreements merely played out the obligations of West Shore under the original agreement and did not constitute renewals or amendments to the original agreement. New Holland disputes West Shore's position that the capitalization requirement was a condition of renewal by arguing that Section 5 of the original agreement implicitly requires West Shore to arrange for adequate additional capitalization sufficient to sustain future business operations. New Holland also disputes West Shore's position that West Shore's rental fleet was limited in 1980. Rather, New Holland argues that

the limitation was a credit limitation on financing of loaders for the rental fleet which was contemplated by section 4 of the 1972 dealer agreement.

The court has examined the relevant documents and concludes that neither the capitalization requirement nor the limitation on loaders financed by New Holland for West Shore's rental fleet constitute an amendment to the original dealer agreement or a new dealership agreement. The capitalization requirement is implied in section 5 of the 1972 dealer agreement. The credit limitation was contemplated by section 4 of the 1972 dealer agreement and was collateral to it because it affected the obligations under the dealer security agreement and not the dealer agreement. The parties' obligations under the Industrial Equipment Dealer Agreement remain the same as they were in 1972 and, therefore, the agreement does not come under the WFDL. *See E.A. Dickinson & Associates, Inc. v. Simpson Elec. Co.,* 509 F.Supp. 1241, 1247 (E.D.Wis.1981), *Rochester v. Royal Appliance Mfg. Co.,* 569 F.Supp. 736, 740 (W.D.Wis.1983).

IT IS THEREFORE ORDERED that defendant New Holland, Inc.'s motion for summary judgment is granted.

Dorsey & Whitney, James H. O'Hagan, Minneapolis, Minn., for appellants Drexel Burnham Lambert Inc. and Moseley, Hallgarten, Estabrook & Weeden Inc.

Cahill, Gordon & Reindel, (a partnership including professional corporations) New York City, of counsel, for appellant Drexel Burnham Lambert Inc.

Shearman & Sterling, New York City, of counsel, for appellant Moseley, Hallgarten, Estabrook & Weeden Inc.

Gray, Plant, Mooty, Mooty & Bennett, Edward J. Callahan, Jr., Thomas Darling, Dylan J. McFarland, Minneapolis, Minn., for Greyhound Leasing & Financial Corp.

Robins, Zelle, Larson & Kaplan, Howard Patrick, James R. Safley, Minneapolis, Minn., for Continental Illinois Nat. Bank & Trust Co. of Chicago.

Faegre & Benson, Duane W. Krohnke, Thomas H. Bennin, Minneapolis, Minn., for Norwest Bank Minneapolis, N.A. and Norwest Bank Calhoun–Isles, N.A.

Resnick & Bartsh, P.A., Thomas C. Bartsh, Minneapolis, Minn., for Receiver of Flight Transp. Corp. and its subsidiaries.